UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | |
|---|---|
| **Stephen Thompson**, | ) |
| | ) CASE NO. 5:18 CV 00895 |
| | ) |
| Petitioner, | ) JUDGE PATRICIA A. GAUGHAN |
| | ) |
| Vs. | ) |
| | ) |
| | ) |
| **Warden Christopher LaRose**, | ) **Memorandum of Opinion and Order** |
| | ) |
| Respondent. | ) |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge David A. Ruiz ("R&R")(Doc. 16) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. Plaintiff filed objections to the recommendation. (Doc. 17). For the following reasons, the Report and Recommendation is ACCEPTED.

**STANDARD OF REVIEW**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**DISCUSSION**

Petitioner is incarcerated following his convictions by a jury of one count of felonious assault, two counts of assault, one count of obstructing official business, and two counts of

1

operating a vehicle while under the influence of alcohol or drugs. The Petition for Writ of Habeas Corpus asserts three grounds for relief. The Magistrate Judge concluded, after thorough review, Ground One was not fairly presented to the state courts as a federal claim, and alternatively, fails on the merits; Ground Two fails on the merits; and Ground Three fails on the merits. Petitioner objected only as to Grounds One and Two. Having reviewed the R&R as to Ground Three for clear error, the Court agrees with the findings and conclusions of the Magistrate Judge and agrees that Ground Three is without merit.

Ground One of the Petition alleges Sixth Amendment Confrontation Clause and Fourteenth Amendment Due Process Clause violations based on a claim that the trial court improperly excluded expert testimony. The Magistrate Judge concluded this claim was not fairly presented to the state courts as a federal claim. The Magistrate Judge observed that, beyond citing to the federal constitution and a Supreme Court case, Petitioner's brief to the state appellate court relied entirely upon state law. Petitioner objects to this conclusion, arguing he sufficiently raised a federal claim to the state appellate court.

Upon review, the Court agrees with the Magistrate Judge. Petitioner's state appellate court filings reference his federal right to present a full defense. However, Petitioner's arguments relate to the Ohio Rules of Evidence, Ohio case law, and the Ohio Revised Code. Passing references to constitutional rights do not constitute a fair presentation of a federal claim to the state courts. *See Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) ("A petitioner need not cite chapter and verse of constitutional law, but general allegations of the denial of rights to a fair trial and due process do not fairly present claims that specific constitutional rights were violated.") (internal quotations and citations omitted); *Slaughter v. Parker*, 450 F.3d 224,

236 (6th Cir. 2006) (finding a claim of "denial of due process and a fair trial" in violation of "14th and 6th Amendments" without citation to federal constitutional cases insufficient for fair presentation).

Petitioner also argues the Magistrate Judge ignored the federal arguments that he raised in his Memorandum in Support of Jurisdiction to the Supreme Court of Ohio. However, any federal arguments Petitioner may have made to the Supreme Court of Ohio, but did not make to the state appellate court, cannot be considered when evaluating whether a claim has been fairly presented to the state courts. Indeed, "[f]or a claim to be reviewable at the federal level, each claim must be fairly presented at *every* stage of the state appellate process." *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009) (emphasis added). Accordingly, the Court agrees with the Magistrate Judge that Ground One was not fairly presented to the state courts as a federal claim.

The Magistrate Judge also found Ground One to be without merit. In an abundance of caution, this Court will apply *de novo*, rather than deferential, standard of review to this issue, given that it was not addressed as a federal issue by the state courts. At the outset, the Court notes that the Sixth Circuit has acknowledged that only in "rare instances" will the exclusion of expert testimony result in a violation of a defendant's Sixth Amendment right to present a defense. *U.S. v. Smead*, 317 Fed App'x 457, 462 (6th Cir. 2008) (citing *United States v. Vasilakos*, 508 F.3d 401, 410 (6th Cir.2007)).

Prior to his trial, Petitioner sought to introduce expert testimony from (1) an accident reconstruction expert; (2) a ballistics expert; and (3) a retired law enforcement officer.

With respect to the accident reconstruction expert, Petitioner argues this evidence would have shown it was impossible for him to see the victim from his vehicle, due to a "wall of light"

3

created by vehicle headlights. However, as noted by the state appellate court, this expert also opined on Petitioner's state of intoxication, which is not a valid consideration under Ohio law. The Court agrees that the probative value of this testimony would be outweighed by a possible confusion of the issues.

With respect to the ballistics expert, Petitioner argues this evidence would have provided a different sequence of events than testified to by the victim. However, as found by the state appellate court, this expert's report focused on the victim's reaction to Petitioner's actions, which could have confused the jurors as to the proper focus of their deliberations, outweighing any probative value of this testimony.

Finally, Petitioner argues the testimony of the retired law enforcement officer would have attacked the credibility of the state's witnesses because it detailed the "many investigative errors made in this case." However, the investigative errors were irrelevant to the jury's determination as to whether or not Petitioner knowingly drove his vehicle toward the victim. Accordingly, Ground One fails on the merits.

Ground Two of the Petition alleges that there was insufficient evidence to sustain Petitioner's felonious assault conviction. Specifically, Petitioner asserts the state presented insufficient evidence to show that Petitioner knowingly attempted to hit the victim with his vehicle. The Magistrate Judge reviewed the state appellate court's decision and concluded the decision did not involve an unreasonable application of clearly established federal law which states that, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This Court agrees.

As noted by the state appellate court, there was evidence Petitioner made eye contact with one of the police officers at the scene prior to driving his vehicle toward the police cruisers. Both police officers testified Petitioner drove directly toward the victim, with his headlights on. Based upon this evidence, a rational jury could have reached the conclusion Petitioner knowingly attempted to hit the victim with his vehicle. While Petitioner emphasizes various pieces of evidence which could lead to a different conclusion, this Court does not reweigh evidence upon habeas review. *See Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (in evaluating sufficiency of the evidence claims, a reviewing habeas court does not "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury").

Petitioner objects to the "paucity" of the Magistrate Judge's analysis and the Magistrate Judge's failure to evaluate this ground for relief under §2254(d)(2). The Court finds neither of these arguments persuasive. While the Magistrate Judge's analysis with respect to this ground for relief was concise, the conclusion was correct. As for Petitioner's arguments regarding §2254(d)(2), while the Magistrate Judge did not directly cite to this provision, Petitioner has not demonstrated that, based upon the evidence presented to the jury, which the Magistrate Judge reviewed, the state court decision was based on an unreasonable determination of the facts. This ground for relief is without merit.

**CONCLUSION**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not

5

be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Dated: 10/24/19                           Chief Judge